2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEN LOPEZ,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant.
                                       /

No. C 08-5396 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On March 30, 2010, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 12, 2010. All parties were represented by counsel. The following matters were resolved:

1.     **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2.     **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 15 minutes total to question the panel.

3.     **Jury instructions**: Counsel have submitted certain joint proposed jury instructions, and separate sets of contested instructions. No later than **Thursday, April 8, 2010**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing

instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (Windows) on or before April 8, 2010. The Court will read some substantive instructions, culled from the jointly agreed upon instructions at pages 29-40 of the parties' pretrial submission, immediately before opening statements; **the parties are invited to submit a joint proposal as to their text on or before April 8, 2010.**

4. **Trial exhibits**: No later than April 8, 2010, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimated that the trial should take approximately 5 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 12 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed 12 motions in limine, as follows:

**Plaintiff's motions:**

**No. 1: Motion to exclude evidence of UPS expectations re: plaintiff's job performance – DENIED**: At trial, UPS must prove that plaintiff met the elements of either the administrative or the

executive exemption. Both exemptions require UPS to show that plaintiff was "primarily engaged in" exempt job duties. Plaintiff argues that the Court should focus on how he actually spent his time, and that UPS's expectations regarding how he should have spent his time are irrelevant unless UPS first shows "actual displeasure" with plaintiff's performance, citing *Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 13 (Cal. 1999). However, *Ramirez* merely cautioned courts not to rely solely on employer expectations or employee performance, as a myopic focus would permit one party to manipulate the exemption determination. The applicable regulations state that employer expectations are relevant to the exemption determination. *See* Cal. Code Regs. tit. 8, § 11090(1)(A)(1)(e), (1)(A)(2)(f) ("The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement.").

**No. 2: Motion to exclude evidence of compensation plaintiff received in addition to his salary – DENIED:** Plaintiff seeks to exclude evidence of yearly bonuses and stock awards he received on the ground they are not relevant to the determination of whether he met the salary threshold for exemption. However, UPS does not seek to present evidence of the awards for purposes of calculating plaintiff's salary or to argue that plaintiff waived his right to overtime by accepting the awards. Rather, UPS seeks to present the evidence in support of its unjust enrichment defense – i.e., that any overtime recovery plaintiff receives in this case should be offset by the bonuses and stock awards, which he received due to his classification as an exempt manager. The evidence is relevant for this purpose.[1]

Plaintiff relies on two FLSA cases to support his argument that an overtime award cannot be offset by bonuses. *See Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004); *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976). Even assuming these FLSA cases are applicable to California law claims, they do not support plaintiff's position. The employee's classification was not

---

[1] However, contrary to UPS's suggestion, evidence that plaintiff received these bonuses does not "make it more likely than not that plaintiff performed exempt job duties." The fact that UPS paid plaintiff bonuses available only to exempt managers says nothing about whether plaintiff's classification was proper, and UPS will not be permitted to introduce evidence of the bonuses for this purpose.

3

at issue in either case, and the employers did not contest that, as a general matter, the employees were entitled to overtime compensation. Rather, in both cases, the courts simply held that, whether by agreement or by unilateral action of the employer, an employer cannot circumvent its FLSA obligation to pay overtime by providing an hourly employee with other benefits. *Ballaris*, 370 F.3d at 913-14; *Dunlop*, 528 F.2d at 794-95. These decisions are not applicable in the context of a misclassification claim. UPS may introduce evidence of the bonuses in the context of its unjust enrichment defense.

**No. 3: Motion to exclude evidence of plaintiff's termination – DEFERRED:** Plaintiff seeks to exclude evidence that he was terminated from employment with UPS. Plaintiff was fired in 2008 because he did not have a valid driver's license. At that time, he was employed as an On-Road Supervisor and was required on occasion to drive UPS package cars. The Court DEFERS ruling on the admissibility of evidence of plaintiff's termination pending an offer of proof at trial with respect to the circumstances of his termination and potential cross-examination/impeachment. Until further order of the Court, no party may mention plaintiff's termination during opening statements or otherwise.

**Defendant's motions:**

**No. 1: Motion to exclude evidence of Class Member Information Forms from the *Marlo* case -- GRANTED in part**: UPS moves to exclude class surveys from the *Marlo* case, the C.D. Cal. case against UPS which included plaintiff as a class member and was later decertified. The surveys contain information regarding hours worked by UPS supervisors who were members of the *Marlo* class. UPS seeks to exclude the surveys on the ground they are irrelevant, prejudicial, and inadmissible hearsay unless offered only for impeachment purposes. As to the forms of all employees except plaintiff, the Court agrees and GRANTS the motion. As to plaintiff's own form, the motion is DENIED, without prejudice to specific objections at trial. Whether the form itself is admissible (with or without redaction) remains to be seen, but plaintiff may testify to its contents and refer to it.

**No. 2: Motion to exclude evidence regarding classification of positions plaintiff did not**

4

**hold – DENIED:** UPS seeks to exclude evidence regarding UPS's classification of Part-Time Supervisor positions, which plaintiff did not hold during the liability period, on the ground the evidence is not relevant to the classification of plaintiff's Full-Time Supervisor positions and will cause prejudice and jury confusion. UPS is correct that the classification of other positions is not dispositive of whether plaintiff's positions were properly classified. However, plaintiff seeks to introduce the evidence to show that he sometimes performed job duties that are typically performed by non-exempt employees. This could be relevant to whether plaintiff was "primarily engaged in" exempt job duties. The motion as framed is DENIED without prejudice to specific objections at time of trial.

**No. 3: Motion to exclude evidence of other wage and hour litigation against UPS – DENIED as framed:** UPS seeks to preclude plaintiff from "making any reference to, commenting about, introducing testimony, evidence or documents, or presenting any argument" about other wage and hour cases involving UPS on the ground such evidence is irrelevant, prejudicial, and confusing, and would constitute improper propensity evidence. UPS is correct that plaintiff cannot rely on the other lawsuits for the purpose of proving misclassification, but the motion is overbroad. Plaintiff may refer to other lawsuits for the two specific purposes he has identified: (1) to show that UPS has retained its expert Dr. Strombom in other actions, in order to impeach Dr. Strombom's credibility; (2) to explain the timing of his actions and to introduce the information in his class member survey from the *Marlo* action, as described above. The motion as framed is DENIED without prejudice to specific objections at time of trial.

**No. 4: Motion to exclude testimony or other evidence regarding "excessive hours" or "work-life balance": – GRANTED:** UPS seeks to prevent plaintiff from testifying that he was "overworked" or lacked "work-life balance" during his employment with UPS because such evidence will be unduly prejudicial. UPS does not oppose the introduction of evidence detailing the specific number of hours plaintiff worked, as such evidence is indisputably relevant to this case. UPS objects to the specific use of the above terms, which it characterizes as "opinion" which is prejudicial and inflammatory. The Court agrees that plaintiff's opinions about whether his hours were "excessive" or

5

whether his work/life balance was inappropriate are irrelevant and excludable. Nothing in this order prevents plaintiff from testifying to facts concerning the number of hours worked or the types of training he received at UPS.

**No. 5: Motion to exclude plaintiff's "subjective belief and/or opinion that he was a nonexempt employee, that he should have been reclassified, or that UPS should have paid him any additional premium for long hours or missed meal periods or rest breaks" – GRANTED:** UPS seeks to exclude testimony or other evidence of plaintiff's beliefs or opinion regarding his classification or his meal and rest breaks claims. The Court agrees that such opinions would be irrelevant and not proper under FRE 702. However, plaintiff can testify regarding his actual experience as a UPS employee, including the number of hours he worked and the nature and division of his tasks.

**No. 6: Motion to exclude "me too" testimony or other evidence regarding non-parties' duties, hours, and meal/rest breaks – GRANTED in part**: UPS seeks to preclude plaintiff from putting on "me too" witnesses to testify about their (mis)classification, overtime hours, and missed meal and rest breaks. The Court agrees that evidence that other employees were misclassified, standing alone, would be irrelevant. However, if UPS offers evidence to the effect that plaintiff was not performing his job in accordance with UPS's expectations, it would be relevant that other employees who held the same positions performed in the same way, consistent with expectations.

**No. 7: Motion to exclude evidence and argument concerning any witness or document that was not identified in the parties' initial disclosures or timely supplements thereto – DENIED**: UPS objects to use of specific documents (Bates numbered PL-LOPEZ-81 through PL-LOPEZ-171) because of late identification. The challenged documents were produced by UPS to plaintiffs in the *Marlo* litigation and were used in the *Marlo* litigation, which went to trial on May 5, 2009. Defendants have not demonstrated prejudice due to late identification. UPS also seeks to exclude three witnesses who were not mentioned in plaintiff's initial disclosures: Carolina Gomez, Denise Cibotti, and Janelle

Willis.[2] According to UPS, it had no notice that plaintiff intended to call these witnesses until he disclosed their names in March 2010, four months after the close of discovery. Plaintiff counters that his delay was justifiable because his witnesses did not agree to testify until just recently due to fear of reprisal by UPS. More fundamentally, these witnesses are UPS' own present or former employees and may therefore be interviewed at any time. If, as defendant suggested at the pretrial conference, one or more of these witnesses refuses to talk to UPS prior to trial, UPS may take such witnesses' deposition.

**No. 8: Motion to exclude evidence and argument that UPS waived the Motor Carrier Act defense by paying overtime to its hourly drivers – GRANTED:** Plaintiff argued in his brief in opposition to UPS's summary judgment motion that UPS waived its Motor Carrier Act ("MCA") defense by paying overtime to its hourly drivers. The summary judgment order found that plaintiff's waiver argument was "unsupported." UPS now moves to exclude evidence or argument to the effect that UPS waived its MCA defense by paying overtime to its hourly drivers. The motion is granted because UPS cannot have waived its MCA defense with respect to plaintiff by paying overtime to its hourly drivers, who are subject to a CBA between UPS and the Teamsters' Union. Plaintiff himself admits that he was situated very differently from the hourly drivers, driving package cars only on "rare and infrequent occasions."

///

---

[2] UPS's motion initially named a fourth witness, Andromeda Brooks, but UPS later filed a supplemental declaration stating that Ms. Brooks' identity was revealed during plaintiff's deposition.

**No. 9: Motion to preclude presentation to the jury of evidence or arguments concerning plaintiff's On-Job Supervisor Position – GRANTED:** UPS moves to preclude plaintiff from trying to the jury claims related to his On-Job Supervisor ("OJS") position. Plaintiff's OJS claims are brought under the UCL, which requires that claims be tried to a judge. Plaintiff does not oppose the motion, which is GRANTED.

**IT IS SO ORDERED.**

Dated: April 1, 2010

_____
SUSAN ILLSTON
United States District Judge