IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEN LOPEZ,                                      No. C 08-5396 SI

          Plaintiff,

  v.

UNITED PARCEL SERVICE, INC.,

          Defendant.

_____/

**INSTRUCTIONS TO JURY**

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits which are received into evidence; and

(3)      any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them

differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I  ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

Where I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## OPINION EVIDENCE, EXPERT WITNESSES

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

4

**CORPORATIONS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as a party.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OVERTIME CLAIMS AND DEFENSES**

Plaintiff Ben Lopez seeks to recover wages from UPS for overtime hours and for not being provided required meal and rest periods.  UPS alleges that it does not owe Plaintiff any additional wages, because Plaintiff at all times was an exempt employee.  If UPS proves by a preponderance of the evidence that Plaintiff fell within any one of the following exemptions, then Plaintiff is not entitled to any recovery (overtime or for meal or rest periods):

1.  Executive Exemption; or

2.  Administrative Exemption.

Additionally, Plaintiff is not entitled to overtime if UPS proves by a preponderance of the evidence that Plaintiff fell within the Motor Carrier Act Exemption.

**United States District Court**
For the Northern District of California

**EXECUTIVE EXEMPTION**

A person employed in an executive capacity means any employee:

1.      Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and

2.      Who customarily and regularly directs the work of two or more other employees therein; and

3.      Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

4.      Who customarily and regularly exercises discretion and independent judgment; and

5.      Who is primarily engaged in - meaning he spends more than 50% of his work time on - duties which meet the test of the exemption.  Exempt work shall include all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions.  The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement; and

6.      Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.  The parties agree that Plaintiff earned a monthly salary in at least this amount.

UPS has the burden to prove by a preponderance of the evidence  that Plaintiff is exempt.  If UPS has satisfied you by a preponderance of the evidence that Plaintiff met each of the elements under the executive exemption, then your verdict on the overtime, meal and rest period claims must be for UPS.

**PARTICULAR WEIGHT**

To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job

duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an exempt manager's suggestions and recommendations must pertain to employees whom the exempt manager customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

## MANAGEMENT OF A CUSTOMARILY RECOGNIZED DEPARTMENT
## OR SUBDIVISION

The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. A customarily recognized department or subdivision must have a permanent status and a continuing function.

A recognized department or subdivision need not be physically within the employer's establishment and may move from place to place. The mere fact that the employee works in more than one location does not invalidate the exemption if other factors show that the employee is actually in charge of a recognized unit with a continuing function in the organization.

Continuity of the same subordinate personnel is not essential to the existence of a recognized unit with a continuing function. An otherwise exempt employee will not lose the exemption merely because the employee draws and supervises workers from a pool or supervises a team of workers drawn from other recognized units, if other factors are present that indicate that the employee is in charge of a recognized unit with a continuing function.

In order to meet the criteria of a managerial employee, one must be more than merely a supervisor of two or more employees. The managerial exempt employee must be in charge of the unit, not simply participate in its management.

**EXAMPLES OF EXEMPT DUTIES**

Examples of work that is exempt work when it is performed by an employee in the management of his department of the supervision of employees under him include (but are not limited to):

- interviewing, selecting, and training employees;
- setting and adjusting their rates of pay and hours of work;
- directing their work;
- maintaining their production or sales records for use in supervision or control;
- appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status;
- handling their complaints and grievances and disciplining them when necessary;
- planning the work;
- determining techniques to be used;
- apportioning the work among the workers;
- determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold;
- controlling flow and distribution of materials or merchandise or supplies;
- and providing for the safety of the employees and the property.

**ADMINISTRATIVE EXEMPTION**

A person employed in an administrative capacity means any employee:

1.      Whose duties and responsibilities involve the performance of office or non-manual work directly related to management policies or general business operations of his/her employer or his/her employer's customers; and

2.      Who customarily and regularly exercises discretion and independent judgment; and

3.      Who either:

(a)      regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity; or

(b)      performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; or

(c)      executes under only general supervision special assignments and tasks; and

4.      Who is primarily engaged - meaning he spends more than 50% of his work time on- in duties that meet the test of the exemption.  Exempt work shall include all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions.  The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement; and

5.      Such employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.  The parties agree that Plaintiff earned a monthly salary in at least this amount.

UPS has the burden to prove by a preponderance of the evidence that Plaintiff is exempt.  If UPS has satisfied you by a preponderance of the evidence that Plaintiff met each of the elements under the administrative exemption, then your verdict on the overtime, meal and rest period, wage statement, and waiting time penalty claims must be for UPS.

### WORK ALONG SPECIALIZED OR TECHNICAL LINES

Employees perform "work along specialized or technical lines requiring special training, experience or knowledge" when they rely upon their years of experience and knowledge to make highly technical decisions on a daily basis.

### CUSTOMARILY AND REGULARLY EXERCISES DISCRETION
### AND INDEPENDENT JUDGMENT AS TO MATTERS OF CONSEQUENCE
### OR SIGNIFICANCE

The exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.

An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes or other categories, with or without the use of testing or measuring devices, is not exercising discretion and independent judgment. This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a range or a tolerance above or below a specific standard.

Often, after continued reference to the written standards, or through experience, the employee acquires sufficient knowledge so that reference to written standards is unnecessary. The substitution of the employee's memory for the manual of standards does not convert the character of the work performed to work requiring the exercise of discretion and independent judgment. The mere fact that the employee uses his knowledge and experience does not mean he exercised discretion and independent judgment in reaching a decision.

The discretion and independent judgment exercised must be real and substantial, that is, it must be exercised with respect to matters of consequence to the employer.  The term "discretion and independent judgment" does not apply to the kind of decisions normally made by clerical and similar types of employees.

United States District Court
For the Northern District of California

The term does apply to the kinds of decisions normally made by persons who formulate or participate in the formulation of policy within their spheres of responsibility or who exercise authority within a wide range to commit their employer in substantial respects financially or otherwise.

The term "discretion and independent judgment" as used in the exemption does not necessarily imply that the decisions made by the employee must have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment within the meaning of the exemption.

The presence of a Collective Bargaining Agreement or other protective procedures for employees does not preclude exempt status. You may consider the existence of a Collective Bargaining Agreement in determining whether an employee exercises discretion and independent judgment.

The existence of detailed company policies or procedures does not preclude the exercise of discretion and independent judgment, but you may consider their existence in determining whether an employee exercises discretion and independent judgment.

The work of an exempt administrative employee must require the exercise of discretion and independent judgment customarily and regularly. The phrase "customarily and regularly" signifies a frequency which must be greater than occasional but which may be less than constant. This requirement will be met by the employee who normally and recurrently is called upon to exercise and does exercise discretion and independent judgment in the day-to-day performance of his or her duties. The requirement is not met by the occasional exercise of discretion and independent judgment.

## WORK DIRECTLY RELATED TO MANAGEMENT POLICIES
## OR GENERAL BUSINESS OPERATIONS

The phrase "directly related to management policies or general business operations" describes those types of activities relating to the administrative operations of a business as distinguished from

"production" work. In addition to describing the types of activities, the phrase limits the exemption to persons who perform work of substantial importance to the management or operation of the business of his employer or his employer's customers.

The administrative operations of the business include the work performed by so-called white-collar employees engaged in "servicing" a business as, for example, advising management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control. An employee performing such work is engaged in activities relating to the administrative operations of the business.

The administrative exemption is not limited to persons who participate in the formulation of management policies or in the operation of the business as a whole. Employees whose work is "directly related" to management policies or to general business operations include those whose work affects policy or whose responsibility it is to execute or carry it out. The phrase also includes a wide variety of persons who either carry out major assignments in conducting the operations of the business, or whose work affects business operations to a substantial degree, even though their assignments are tasks related to the operation of a particular segment of the business.

The fact that there are a number of other employees of the same employer carrying out assignments of the same relative importance or performing identical work does not affect the determination of whether they meet this test so long as the work of each such employee is of substantial importance to the management or operation of the business.

## PERFORMING WORK PERFORMED BY SUBORDINATES

The Plaintiff may be classified as exempt even though he engaged, to some extent, in ordinary work performed by employees subordinate to him, so long as he was primarily engaged in exempt duties.

## APPLICABILITY OF EXEMPTION—MISPERFORMANCE

An employee who is supposed to be engaged in exempt activities during most of his working hours and falls below the 50 percent mark due to his own substandard performance is not thereby able

13

to evade a valid overtime exemption.

**"WORK APPLICABLE TO ONE EXEMPTION APPLIES**

**TO ANOTHER EXEMPTION"**

When determining whether an employee has met the "primarily engaged" element of either the executive or the administrative exemption, exempt work under one also qualifies as exempt work under the other.  Thus, if an employee performs both exempt executive work and exempt administrative work, both types of work may be added together to determine if the employee has spent more than 50% of his time performing exempt work.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

# MOTOR CARRIER ACT EXEMPTION

The Motor Carrier Act exemption is applicable to those employees engaged wholly or in part in a class of work which is defined: (I) as that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce.  UPS claims that Plaintiff was an exempt employee under the Motor Carrier Act while he performed the job of On Road Supervisor.

If the bona fide duties of the job performed by the employee are in fact such that he is (or is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities as previously defined, he comes within the exemption in all workweeks when he is employed at such job.  This general rule assumes that the activities involved in the continuing duties of the job in all such workweeks will include activities which have been determined to affect directly the safety of operation of motor vehicles on the public highways in transportation in interstate commerce.  Where this is the case, the rule applies regardless of the portion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting "safety of operation."

On the other hand, where the continuing duties of the employee's job have no substantial direct effect on such safety of operation or where such safety-affecting activities are so trivial, casual, and insignificant as to be de minimis, the exemption will not apply to him in any workweek so long as there is no change in his duties.  If in particular workweeks other duties are assigned to him which result, in those workweeks, in his performance of activities directly affecting the safety of operation of motor vehicles in interstate commerce on the public highways, the exemption will be applicable to him those workweeks, but not in the workweeks when he continues to perform the duties of the non-safety-affecting job.

Where the same employee of a carrier is shifted from one job to another periodically or on occasion, the application of the exemption to him in a particular workweek is tested by application of the above principles to the job or jobs in which he is employed in that workweek. Similarly, in the case of an employee of a private carrier whose job does not require him to engage regularly in exempt

safety-affecting activities defined as the work of drivers, driver's helpers, loaders and mechanics, and whose engagement in such activities occurs sporadically or occasionally as the result of his work assignments at a particular time, the exemption will apply to him only in those workweeks when he engages in such activities

UPS has the burden to prove by a preponderance of the evidence that Plaintiff is exempt.  If UPS has satisfied you by a preponderance of the evidence that Plaintiff met each of the elements under the Motor Carrier Act exemption while he worked as an On Road Supervisor, then your verdict on the overtime claims must be for UPS.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEAL PERIODS

An employer must not employ an employee for a work period of more than five hours without providing him with an uninterrupted meal period of at least thirty minutes, except when a work period of not more than six hours will complete the day's work, then the employer and employee may mutually consent to waive the meal period.  Employers do not have an additional obligation to endure that such meal periods are actually taken.

Any employer must not employ an employee for a work period of more than ten hours per day without providing him with a second uninterrupted meal period of at least thirty minutes, except if the total hours worked is not more than twelve hours, the employer and employee may mutually consent to waive the second meal period only if the first meal period was not waived.

If the employee is not relieved of all duty during a thirty minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

# REST PERIODS

Every employer must authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time must be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.  Employers do not have an additional obligation to endure that rest periods are actually taken.

The rest break is to be net, in other words, the rest period begins when the employee reaches an area away from the work station that is appropriate for rest. The employee is entitled to one rest period per work period. This means that an employer may not count periods of less than ten minutes as rest periods meeting the requirement for rest breaks.  The rest period is not to be confused with or limited to breaks taken by employees to use toilet facilities. Allowing employees to use toilet facilities during working hours does not meet the employer's obligation to provide rest periods as required by law.

### DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that the Plaintiff was a nonexempt employee, you must determine his overtime damages.  Likewise, if you find that the Plaintiff was a nonexempt employee, and that he established his claim for payment of meal and rest period premiums, you must determine the Plaintiff's meal and rest period damages.  The Plaintiff has the burden of proving each of these damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for the amounts owed to him by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### DAMAGES—OVERTIME

Plaintiff claims that UPS owes him overtime pay under California state law for the periods of time that he worked as a Hub Supervisor, Preload Supervisor, Training and Retention Supervisor, and On Road Supervisor.  UPS claims that Plaintiff is not owed overtime compensation because he falls under either the executive, administrative or Motor Carrier Act exemptions under California law.  If you find that no exemption applies during any period of time from March 5, 2001 through December 31, 2004, and August 1, 2005 through June 24, 2008, then Plaintiff is entitled to overtime compensation for overtime hours he worked.  You must determine the amount of overtime pay owed to Plaintiff, based on the amount of Plaintiff's compensation at the time he held the relevant position.

Plaintiff has the burden of proving that he worked overtime hours and the number of overtime hours worked.  You may not award overtime pay based on speculation as to the number of overtime hours worked.

"Overtime hours" are the hours worked in excess of eight hours in a workday or forty hours in a workweek.

"Overtime compensation," for employees who are not exempt is one and one-half times an employee's regular rate of pay for work in excess of eight hours in a workday or in excess of 40 hours

in a workweek.  There is no duplication.  For example, if a non-exempt employee works nine hours a day for five days, five hours of overtime satisfies both the daily and weekly overtime requirements.  In addition, any work in excess of 12 hours in one workday must be compensated at the rate of no less than twice an employee's regular rate of pay.

Plaintiff's "regular rate of pay" is calculated as the monthly salary applicable to the week during which overtime hours were worked by a non-exempt employee, multiplied by 12, and divided by 2080.  Refer to Exhibit _____ for Plaintiff's monthly salary over time.

### MISSED MEAL PERIOD COMPENSATION

If an employer fails to provide an employee a meal period in accordance with the law, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

No matter how many meal periods are missed per workday, only one missed meal period payment may be imposed in each day.

### MISSED REST PERIOD COMPENSATION

If an employer fails to authorize and permit an employee to have a rest period in accordance with the law, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

No matter how many rest periods are missed per workday, only one missed rest period payment may be imposed in each day.

### RECOVERING INTEREST ON UNPAID WAGES

If an employee is entitled to unpaid wages, in addition to recovering the unpaid wages, he or she is also entitled to 10% simple interest on these wages, from the date they were due until the date judgment is entered.  This means that 10% interest on an amount due 5 years ago is 50% of the amount.  10% interest on an amount due 3 years ago is 30% of the amount.

**United States District Court**
For the Northern District of California

### ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

### JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

### NO PUNITIVE DAMAGES

You must not include in your award any damages to punish or make an example of either party. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate a party for its loss.

**United States District Court**
For the Northern District of California

# PREDELIBERATION INSTRUCTIONS

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury.  Feel free to change your mind if you are convinced that your position should be different. You should all try to agree.  But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations. Also, do not immediately announce how you plan to vote. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case. Your training or experience is not a part of the evidence received in this case.

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony. If that happens, you may ask to have testimony read back to you or ask to see any exhibits admitted into evidence that have not already been provided to you. Also, jurors may need further explanation about the laws that apply to the case. If this happens during your discussions, write down your questions and give them to Tracy. I will do my best to answer them. When you write me a note, do not tell me how you voted on an issue until I ask for this information in open court.

All of you must agree on each of the questions in the verdict.  As soon as you have agreed on a verdict and answered all the questions as instructed, the presiding juror must date and sign the form(s) and notify Tracy.

Your decision must be based on your personal evaluation of evidence presented in the case. Each of you may be asked in open court how you voted on each question.

While I know you would not do this, I am required to advise you that you must not base your decision on chance, such as a flip of a coin. If you decide to award damages, you may not agree in

advance to simply add up the amounts each juror thinks is right and then make the average your verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

### TAKING NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### RETURN OF SPECIAL VERDICT

A form known as a "special verdict form" has been prepared for you. This form contains written questions that will allow you to identify your findings of fact. After you have reached unanimous agreement on the answers to the questions, your presiding juror will fill in the answers on the form that has been given to you, sign and date it, and return it to the court.

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.