IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN LOPEZ, | No. C 08-05396 SI |
| Plaintiff, | **ORDER RE: POST-TRIAL MOTIONS** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

The post-trial motions filed by plaintiff Ben Lopez and defendant United Parcel Service, Inc. came on for hearing on June 18, 2010. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This litigation concerns a wage and hour dispute between plaintiff Ben Lopez and defendant United Parcel Service, Inc. ("UPS"). Plaintiff instituted this action on September 26, 2008, alleging that UPS misclassified him as an overtime-exempt employee and, as a result, failed to pay him overtime compensation in accordance with California law. Plaintiff's claims pertain to five full-time supervisor positions he held between March 2001 and June 2008: Hub Supervisor, Preload Supervisor, On-Road Supervisor, Training and Retention Supervisor, and On-Job Supervisor. Further background regarding these positions is provided in the Court's March 1, 2010 order granting in part and denying in part UPS's motion for summary judgment. (Docket No. 123).

A jury trial of plaintiff's claims commenced on April 12, 2010.[1] The jury found that plaintiff was properly classified as exempt in his positions as Hub Supervisor, Preload Supervisor, and Training and Retention Supervisor. With respect to the On-Road Supervisor position, the jury found that although UPS had not proved that plaintiff was properly classified as exempt, plaintiff failed to prove that he worked any overtime hours or was denied any meal breaks.

Now before the Court are the post-trial motions filed by both parties. Plaintiff seeks judgment as a matter of law as to each of the four positions, or in the alternative, a new trial. UPS seeks judgment as a matter of law as to the jury's determination that it failed to prove plaintiff was exempt in the On-Road Supervisor position.

**LEGAL STANDARDS**

**I.    Motion for Judgment as a Matter of Law**

Pursuant to Federal Rule of Civil Procedure 50(a), a party may move for judgment as a matter of law after the opposing party has been fully heard and before the case has been submitted to the jury. If the court denies the motion and submits the case to the jury, the party may filed a renewed motion within 28 days of entry of judgment. Fed. R. Civ. P. 50(b). In ruling on a renewed motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* The court may not weigh the evidence or assess the credibility of witnesses. *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir.1984).

**II.   Motion for New Trial**

Federal Rule of Civil Procedure 59(a) permits a party to move for a new trial on any "historically recognized" ground, including "that the verdict is against the weight of the evidence, that the damages

---

[1] Only the claims concerning the Hub, Preload, On-Road, and Training and Retention Supervisor positions were submitted to the jury. Plaintiff's claims concerning the On-Job Supervisor position, brought under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, remain to be tried to the Court.

2

are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (quotation marks and citation omitted). In determining whether to grant a new trial, "a district court has the duty to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1087 (9th Cir. 2009) (quotation marks, alterations and citations omitted). The decision whether to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (quotation marks and citation omitted).

**DISCUSSION**

**I.      Plaintiff's Renewed Motion for Judgment as a Matter of Law**

   **A.      Hub, Preload, and Training and Retention Supervisor Positions**

With respect to the Hub, Preload, and Training and Retention Supervisor positions, plaintiff contends that UPS failed to present evidence supporting a finding of exempt status for the entire time period at issue for each position. Plaintiff seeks judgment as a matter of law for (1) the entire time period he worked as a Training and Retention Supervisor; (2) his work as a Preload Supervisor from August 15, 2006 to October 22, 2006; and (3) his work as a Hub Supervisor from March 5, 2001 to June 2002, February 2003 to December 2003, January 2006 to July 31, 2006, and October 23, 2006 to January 31, 2008.

         **1.      Rule 50 Requirements**

As a threshold matter, UPS contends that several of the time frames targeted in the present motion must be disregarded because plaintiff did not raise them in moving for judgment as a matter of law at trial. Specifically, UPS notes that, in his pre-verdict motion, plaintiff only challenged the sufficiency of evidence pertaining to the time periods from August 15, 2006 to October 22 2006 (Preload), March 5, 2001 to May 2002 (Hub), and June 2003 to December 2003 (Hub).

It is well-established that "[a] party cannot raise arguments in its post-trial motion for judgment

3

as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). The purposes of this rule are to "provid[e] clear notice of claimed evidentiary insufficiencies and [to] preserv[e] the issue of the sufficiency of the evidence on a particular matter as a question of law." *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.3d 1426, 1429 (9th Cir. 1986). In view of these purposes, the Court agrees with UPS that plaintiff's pre-verdict motion was insufficient to preserve any challenges it did not specifically raise. Plaintiff's pre-verdict motion failed to provide notice of any challenge to the evidence presented with respect to the Training and Retention Supervisor position. Additionally, the fact that plaintiff addressed certain specific Hub and Preload Supervisor time frames in his pre-verdict motion suggested to UPS and to the Court that plaintiff's challenge was limited only to those time frames. To permit plaintiff to expand his motion at this juncture would undermine the requirement that a party raise "any alleged deficiencies in the evidence at a time when the opposing party still has an opportunity to correct them." *Freund*, 347 F.3d at 761. Accordingly, in addressing plaintiff's motion, the Court will consider the sufficiency of the evidence only with respect to the following time periods: (1) March 5, 2001 to May 2002 (Hub); (2) June 2003 to December 2003 (Hub); and (3) August 15, 2006 to October 22, 2006 (Preload).

### 2.     **Hub Supervisor Position**

Plaintiff worked as a Hub Supervisor at various points between March 5, 2001 and January 31, 2008. He contends in this motion that UPS presented no evidence concerning the tasks he performed for the time periods from March 5, 2001 to May 2002 and from June 2003 to December 2003. Plaintiff further contends that, even for the time periods for which UPS did present evidence, it failed to prove that plaintiff was exercising discretion and independent judgment – a necessary element of both the executive and administrative exemptions.

UPS presented evidence from three employees who worked above plaintiff during his tenure as a Hub Supervisor: Brandon Long, Robert Lawson, and Victor Neals. Mr. Long testified that he instructed plaintiff to make decisions on his own to address any problems that arose in the Hub operation, such as changing staffing according to fluctuating package volumes and disciplining subordinate employees. Trial Transcript at 676:9-677:13, 681:5-10, 686:17-25. Mr. Long also stated

4

that, as a full-time supervisor, plaintiff was expected to "manag[e] the personalities" of his hourly employees, including "motivating and leading people to get the job done every day." *Id.* at 687:1-16. Mr. Lawson testified that plaintiff had to "develop his own plan and his method . . . of achieving those goals," and was "charged with the responsibility of going out there and executing his plan and holding his employees accountable." *Id.* at 821:1-10. Mr. Lawson stated that plaintiff made staffing and disciplinary decisions, and was generally "responsible for every aspect of his operation." *Id.* at 821:15-23. Finally, Mr. Neals testified that plaintiff was "in charge of the [Hub] operation" and "there to make sure the operation was successful." *Id.* at 860:5-7. Mr. Neals testified that he "would have to trust that [plaintiff] or whoever was in charge would be responsible enough to make sure that everything that needed to get done would get done in a timely and cost-effective manner." *Id.* at 864:11-16. Like Mr. Long, Mr. Neals also stated that "one of the hardest parts of the job is dealing with the attitudes in the people each day. So, again, nothing was the same." *Id.* at 866:5-9.

Viewed in the light most favorable to UPS, this testimony provided a reasonable basis for finding that plaintiff exercised discretion and independent judgment in his role as a Hub Supervisor. The essence of plaintiff's argument is that UPS failed to meet its burden because it presented only "generalized evidence" from high-level managerial employees who were not in frequent direct contact with plaintiff. The jury could have inferred from the testimony given, however, that the managers had infrequent contact with plaintiff precisely because he enjoyed discretion and independent judgment in his position. As UPS points out, there is no evidence indicating that plaintiff's role or responsibilities differed significantly at any time during his term as a Hub Supervisor.[2] Absent evidence of variance, it was reasonable for the jury to infer that the testimony given at trial was applicable to the entire period in which plaintiff held the Hub Supervisor position. The Court cannot conclude that the evidence presented at trial "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs*, 443 F.3d at 1062.

---

[2] The only instance identified by plaintiff during which his responsibilities changed is that "for three months in 2005 he delivered a route every day." Reply at 4. This variance does not affect the jury's conclusion with respect to plaintiff's duties as a Hub Supervisor and Preload Supervisor, both of which are positions he did not hold in 2005.

5

### 3. Preload Supervisor Position

Plaintiff worked as a Preload Supervisor from August 1, 2006 to October 22, 2006. UPS's principal witness regarding plaintiff's work in this position, Stephen Conyers, supervised plaintiff only from August 1 to August 15, 2006. Nonetheless, the Court finds that Mr. Conyers' testimony was sufficient to support the jury's verdict. Mr. Conyers testified that plaintiff was required to make staffing decisions, adjust Preload operations to address safety concerns, monitor new employees through their probationary periods and recommend whether they should receive seniority, and recommend hourly employees for promotion. Trial Transcript at 748:12-749:4, 749:19-24, 750:13-25, 751:16-19. This testimony provided substantial evidence in support of a finding that plaintiff was an exempt employee during the time Mr. Conyers worked with him as a Preload Supervisor. As stated above with respect to plaintiff's Hub Supervisor position, there is no evidence that plaintiff's duties as a Preload Supervisor varied in the two months after Mr. Conyers stopped overseeing plaintiff's work. Without any such evidence on the record, the Court cannot conclude that the evidence requires a conclusion contrary to that reached by the jury.

### B. On-Road Supervisor Position

With respect to the On-Road Supervisor position, plaintiff seeks judgment as a matter of law on the ground that he made a sufficient and uncontroverted showing of the overtime hours he worked. Based on the evidence presented at trial, plaintiff contends that it is undisputed that he worked more than eight hours per day in this position, and contends that the jury clearly erred in finding that he failed to demonstrate that he worked any overtime.

UPS also opposes this portion of plaintiff's motion on the ground he failed to raise the issue of whether he had met his burden of proving damages in his pre-verdict motion for judgment as a matter of law. Plaintiff responds that "the issue of damages to be awarded to Plaintiff . . . could not have been addressed prior to the jury's verdict, for obvious reasons." Plaintiff's present motion, however, is based on the claim that his evidence was sufficient as a matter of law to meet his burden of proving that he worked overtime in his position as On-Road Supervisor. Plaintiff could have moved for judgment as a matter of law on this issue prior to submitting the case to the jury, but did not. As a result, plaintiff

6

cannot now make a "renewed" motion for judgment as a matter of law on this issue.

Plaintiff's renewed motion for judgment as a matter of law is therefore DENIED in full.

## II.     Plaintiff's Motion for a New Trial

Plaintiff also seeks a new trial on the ground that the jury's verdict was against the clear weight of the evidence. Plaintiff asserts that the weight of the evidence proved that he was a non-exempt employee while working as a Hub Supervisor, Preload Supervisor, and Training and Retention Supervisor, and that his undisputed evidence established that he worked overtime hours as an On-Road Supervisor. For the reasons stated in the foregoing discussion regarding plaintiff's motion for judgment as a matter of law, the Court does not believe that the clear weight of the evidence undermines the jury's conclusion that UPS proved plaintiff was exempt in the Hub Supervisor, Preload Supervisor, and Training and Retention Supervisor positions.

With respect to the On-Road Supervisor position, the Court does not agree with plaintiff that he presented such clear and "uncontroverted" evidence of his overtime hours that a new trial is warranted. In his trial testimony, plaintiff stated that he did not keep a contemporaneous log of the hours he worked, that his hours often varied, and that he could not "say with certainty" the hours he worked at any particular time. Trial Transcript at 558:20-559:3. The only quantification of the hours plaintiff worked was provided by his expert, Dr. Allman, who computed plaintiff's damages based on the "assumption" – grounded in information given to him by plaintiff and by plaintiff's counsel – that plaintiff uniformly worked between 10.5 and 14.5 hours every day. *Id.* at 629:6-9. The jury's apparent rejection of this evidence was not unreasonable. Plaintiff was not required to meet an exacting standard in proving damages, and his evidence might have permitted the inference that he worked overtime hours. The jury was entitled, however, to make credibility determinations and draw inferences from the evidence presented, and the Court cannot say that its verdict was "contrary to the clear weight of the evidence." *Tortu*, 556 F.3d at 1087.

Plaintiff also argues that he is entitled to a new trial as to the On-Road Supervisor Position because the jury's verdict was based on legal error regarding allocation of the burden of proof. According to plaintiff, because the jury found that UPS failed to prove that plaintiff was properly

7

1  classified as exempt, UPS was statutorily required to keep records of the hours plaintiff worked as an
2  On-Road Supervisor. Plaintiff argues that the consequence of UPS's failure to keep records is that, once
3  plaintiff established his hours "as a matter of just and reasonable inference," the burden shifted to UPS
4  to produce "evidence of the precise amount of work performed or with evidence to negative the
5  reasonableness of the inference to be drawn from [plaintiff's] evidence." *Hernandez v. Mendoza*, 245
6  Cal. Rptr. 36, 40 (Cal. Ct. App. 1988).

7  Plaintiff is correct that, under California law, an employer must maintain records of the hours
8  worked by a non-exempt employee. Cal. Labor Code § 226(a) ("Every employer shall . . . furnish each
9  of his or her employees . . . an accurate itemized statement in writing showing . . . total hours worked
10 by the employee, except for any employee whose compensation is solely based on a salary and who is
11 exempt from payment of overtime"). Plaintiff's argument that UPS should have maintained such
12 records in this case, however, does not follow from the authorities he cites. In both of the cases relied
13 upon by plaintiff, *Hernandez* and *Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572 (Cal. Ct. App.
14 2008), there was no dispute that the plaintiff was non-exempt and therefore entitled to compensation
15 for any overtime hours worked. In the present case, by contrast, the issue of plaintiff's classification
16 formed the primary basis for the lawsuit. UPS was not required to maintain records of plaintiff's hours
17 under these circumstances, and shifting the burden to UPS to prove plaintiff's hours at trial would not
18 have been appropriate. Plaintiff's arguments to the contrary in his papers and at oral argument are
19 unconvincing.

20 Plaintiff's motion for a new trial is therefore DENIED.

22 **III.  UPS's Renewed Motion for Judgment as a Matter of Law**

23 UPS moves for judgment as a matter of law concerning the jury's finding that UPS did not meet
24 its burden of proving that plaintiff was exempt during his tenure as an On-Road Supervisor. UPS's
25 motion is brought "as a protective cross-motion" in the event the Court finds that plaintiff proved his
26 damages. Having concluded that plaintiff is not entitled to judgment as a matter of law or to a new trial
27 on the issue of damages for the On-Road Supervisor position, the Court need not address the merits of
28 UPS's motion. The motion is DENIED as moot.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby DENIES plaintiff's renewed motion for judgment as a matter of law and plaintiff's motion for a new trial, and DENIES as moot UPS's renewed motion for judgment as a matter of law.  (Docket Nos. 233, 234, 229).

**IT IS SO ORDERED.**

Dated: June 18, 2010

SUSAN ILLSTON
United States District Judge