IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN LOPEZ, | No. C 08-05396 SI |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

**BACKGROUND**

This litigation concerns a wage and hour dispute between plaintiff Ben Lopez and defendant United Parcel Service, Inc. ("UPS"). Plaintiff contends that UPS improperly classified him as an employee exempt from overtime compensation under California law. Plaintiff brought suit in September 2008 based on his alleged misclassification in five full-time supervisor positions he held at UPS between March 2001 and June 2008: Hub Supervisor, Preload Supervisor, On-Road Supervisor, Training and Retention Supervisor, and On-Job Supervisor. A jury trial was held with respect to the first four positions in April 2010. The jury found that plaintiff was properly classified as exempt in the Hub Supervisor, Preload Supervisor, and Training and Retention Supervisor positions, and that although UPS did not meet its burden of proving that plaintiff was properly classified as exempt in the On-Road Supervisor, plaintiff had failed to prove that he worked any overtime hours or missed any meal breaks during his tenure in this position.

Due to statute of limitations issues, plaintiff's claim with respect to the On-Job Supervisor position was brought under California's Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200 *et seq.*, rather than under California wage and hour law. *See Murphy v. Kenneth Cole Prods.*, 155

1  P.3d 284, 289 (Cal. 2007) (statutory wage claims are subject to a three-year statute of limitations; penalty claims are subject to a one-year statute); Cal. Bus. & Prof. Code § 17208 (UCL claims subject to four-year statute). The claim was tried to the Court on July 15, 2010. As set forth below in the following Findings of Fact and Conclusions of Law, on the basis of the testimony and evidence received at trial, the arguments of counsel, and the papers submitted, the Court finds that UPS has met its burden of proving that plaintiff was properly classified as falling within the administrative exemption in his On-Job Supervisor position. The Court therefore rules in favor of UPS on plaintiff's UCL claim.

**FINDINGS OF FACT**

1.  Plaintiff was employed by UPS as an On-Job Supervisor ("OJS") from January 1, 2005 to July 31, 2005. For the entire period of his employment as an OJS, plaintiff was classified by UPS as exempt from overtime compensation.

2.  The OJS position was a special assignment related to UPS's implementation of a new Preload Assist System intended to improve UPS's business operations by standardizing its package sorting and delivery operations. A key component of the Preload Assist System, and the one in which plaintiff participated, was to improve efficiency and safety in package delivery routes. To this end, other members of UPS management drafted proposed new routes which were intended to improve upon the existing routes.

3.  Plaintiff's primary role as an OJS was related to studying, observing, and further refining the proposed new delivery routes. His tasks included studying maps of package delivery routes, riding with delivery drivers to observe the routes in practice, and reporting back to the OJS team, which included other persons in plaintiff's position, managers, and engineers.

4.  Plaintiff rode with delivery drivers approximately three days per week. During the rides, it was plaintiff's responsibility to evaluate the efficiency of the proposed new routes, to identify the cause of any instance in which the driver did not meet the efficiency goal set for the route, and to train drivers on how to improve their accuracy, efficiency, and safety.

5.  During his ride-alongs with drivers, plaintiff made notations as to how proposed routes could be improved, for example by avoiding one-way streets, minimizing left-hand turns, and ensuring

that deliveries to businesses were scheduled during business hours. Plaintiff also recorded the time spent by a driver on each particular driving and delivery task (e.g., putting on his seatbelt, opening the bulkhead door, carrying packages to a residence or business, and interacting with a customer) using a personal digital assistant ("PDA").

6    Plaintiff was not supervised by a manager during his rides with drivers and did most of his preparation independently. Plaintiff's manager periodically did a "drive-by spot check" to check on plaintiff, but was not in constant direct contact with him during the ride-alongs.

7.   Plaintiff could not recall ever driving a package car or delivering packages during his ride-alongs with drivers. As he explained at trial, he could not do so because the purpose of the rides was to assess the driver's efficiency and performance when working alone.

8.   On the days when plaintiff was not performing ride-alongs, he performed office work which was directly related to his role of going out on the road and observing routes. Plaintiff's office work included studying route maps and reviewing computer-generated reports containing the route data he had recorded on his PDA. Plaintiff also participated in meetings with other members of the OJS team, during which he offered suggestions for improving the routes based on his observations. Plaintiff's managers accepted some of his recommendations for improving routes.

9.   Plaintiff confirmed that, in his role as an OJS, he was evaluated based on UPS's management leadership criteria, and UPS's principle of "broad delegation of authority" applied to him.

10.  The parties have stipulated the plaintiff was paid on a salary basis during his employment as an OJS, and that this salary was intended by UPS to compensate him for all hours worked, regardless of the number of hours worked. In 2005, plaintiff's annual salary was $63,650.

## CONCLUSIONS OF LAW

1.   California's Unfair Competition Law ("UCL") proscribes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL "'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 826 P.2d 730, 734 (Cal. 1992).

2. Employees in California are presumptively entitled to overtime compensation for all hours worked in excess of eight hours per day or forty hours per week. Cal. Lab. Code § 510(a). An employer who claims that an employee is exempt from overtime compensation under a particular statutory exemption bears the burden of proving, by a preponderance of the evidence, that the exemption applies. *Gomez v. Lincare, Inc.*, 93 Cal. Rptr. 3d 388, 395 (Cal. Ct. App. 2009).

3. UPS claims that plaintiff was exempt from overtime under the administrative exemption. To prove that plaintiff properly fell within the administrative exemption, UPS must demonstrate that he: (a) was responsible for performing "office or non-manual work directly related to management policies or general business operations of his employer"; (b) "customarily and regularly exercise[d] discretion and independent judgment"; (c) "perform[ed] under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge" or "execute[d] under only general supervision special assignments and tasks"; (d) was primarily engaged in exempt job duties; and (e) met a salary threshold of at least two times the minimum wage. Cal. Code Regs. tit. 8, § 11090(1)(A)(2).

**Non-manual work directly related to management or business operations**

4. Plaintiff was responsible for performing non-manual work as an OJS. Plaintiff did not physically assist delivery drivers in driving delivery vehicles, loading and unloading packages, or making deliveries. Rather, his responsibilities were to observe drivers, gather data, and analyze delivery routes. These are non-manual tasks. *See Perine v. ABF Freight Sys., Inc.*, 457 F. Supp. 2d 1004, 1013 (C.D. Cal. 2006). Plaintiff provides no authority in support of his argument that riding as a passenger in a delivery van, making written notations, and entering information into a PDA constitutes manual work.

5. Plaintiff's work was directly related to UPS's management and general business operations. California courts recognize a dichotomy, drawn from federal wage and hour law, between "administrative" employees and "production" employees. The latter are defined as "those whose primary duty is producing the commodity or commodities, whether goods or services, that the enterprise exists to produce." *Bell v. Farmers Ins. Exch.*, 105 Cal. Rptr. 2d 59, 70 (Cal. Ct. App. 2001) (citations

4

omitted); *see also* 29 C.F.R. § 541.205(a) (2002).[1] Plaintiff's work as an OJS involved management tasks such as supervision, evaluation, and policy development, rather than production tasks such as actually loading or delivering packages.

**Discretion and independent judgment**

6. The exercise of discretion and independent judgment involves "the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.207(a) (2002). Plaintiff was regularly called upon to assess and evaluate proposed delivery routes, observe the routes in practice, and suggest modifications based on his observations and experience. He performed this work without immediate supervision from his managers. Additionally, some of his recommendations for route improvements were accepted by his managers. *See id.* § 541.207(e) ("The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action.").

7. The Court is not persuaded by plaintiff's argument that he was merely applying set "standards" in his OJS position and was therefore non-exempt. The very nature of plaintiff's job duties as an OJS called for the frequent exercise of discretion and judgment, not the mere rote application of standards. In addition, to the extent plaintiff was responsible for ensuring that subordinate employees (e.g., drivers) complied with UPS standards, that responsibility does not take him outside the scope of the exemption. *See Donovan v. Burger King Corp.*, 672 F.2d 221, 226 (1st Cir. 1982) ("Ensuring that company policies are carried out constitutes the very essence of supervisory work.") (quotation marks and citation omitted) (addressing FLSA exemption).

**Executed under only general supervision special assignments and tasks**

8. The Court finds that the OJS position involved the performance of special assignments and tasks under only general supervision. Plaintiff has testified that the majority of his OJS work was carried out independently. The weekly team meetings and the occasional drive-by check by a supervisor

---

[1] The pre-2004 version of the federal regulations is instructive in assessing exempt status under California law. *Bell*, 105 Cal. Rptr. 2d at 65-66.

constitute only "general supervision" of plaintiff's primary work. Additionally, the OJS position was by definition a special assignment created to aid UPS in developing its improved Preload Assist System.

**Primarily engaged in exempt job duties**

9. There is no question that plaintiff was primarily engaged in exempt administrative job duties. The Court disagrees with plaintiff that his primary job duty was "to manually input data into the PDA." Pltf. Prop. FFCL at 8. Rather, as described above, his primary job duties were to evaluate delivery routes and recommend improvements to increase efficiency and safety. These are exempt job duties. Plaintiff has confirmed that he does not recall ever driving a delivery vehicle or delivering a package during his time as an OJS; indeed, he testified that the nature of his work made his performance of these tasks impossible. Thus, it is clear that he spent the majority of his time on exempt tasks.

**Salary threshold**

10. Plaintiff does not dispute that his salary during his employment as an OJS met the statutory threshold of two times the minimum wage.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff was properly classified as exempt during the period of his employment with UPS as an On-Job Supervisor. The Court therefore rules in favor of UPS on plaintiff's claim under the UCL.

**IT IS SO ORDERED.**

Dated: September 14, 2010

SUSAN ILLSTON
United States District Judge

6