IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN LOPEZ, | No. C 08-05396 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. / | |

Defendant's motion for attorneys' fees is currently set for hearing on December 16, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES defendant's motion.

**BACKGROUND**

This litigation concerns a wage and hour dispute between plaintiff Ben Lopez and defendant United Parcel Service, Inc. ("UPS"). Plaintiff contended that UPS improperly classified him as an employee exempt from overtime compensation under California law. Plaintiff brought suit in September 2008 based on his alleged misclassification in five full-time supervisor positions he held at UPS between March 2001 and June 2008: Hub Supervisor, Preload Supervisor, On-Road Supervisor, Training and Retention Supervisor, and On-Job Supervisor. A jury trial was held with respect to the first four positions in April 2010. The jury found that plaintiff was properly classified as exempt in the Hub Supervisor, Preload Supervisor, and Training and Retention Supervisor positions, and that although UPS did not meet its burden of proving that plaintiff was properly classified as exempt in the On-Road

Supervisor, plaintiff had failed to prove that he worked any overtime hours or missed any meal breaks during his tenure in this position.

Due to statute of limitations issues, plaintiff's claim with respect to the On-Job Supervisor position was brought under California's Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200 et seq., rather than under California wage and hour law. See *Murphy v. Kenneth Cole Prods.*, 155 P.3d 284, 289 (Cal. 2007) (statutory wage claims are subject to a three-year statute of limitations; penalty claims are subject to a one-year statute); Cal. Bus. & Prof. Code § 17208 (UCL claims subject to four-year statute). The claim was tried to the Court on July 15, 2010. The Court ruled in favor of UPS on the UCL claim. Doc. 268.

## DISCUSSION

UPS argues that it is entitled to a portion of its fees pursuant to California statute. California Labor Code § 218.5(a) provides that "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." This provision specifically states, however, that it "does not apply to any action for which attorney's fees are recoverable under [Cal. Labor Code §] 1194." *Id.* California Labor Code § 1194, in turn, states that a prevailing employer cannot recover fees in an action for nonpayment of minimum wage or overtime compensation; rather, fees in such an action may only be recovered by a prevailing employee. Cal. Labor Code § 1194(a); *Earley v. Superior Court*, 95 Cal. Rptr. 2d 57, 62 (Cal. Ct. App. 2000).

UPS seeks to recover the fees it has incurred in defending against plaintiff's non-overtime claims, which included (1) his claims for missed meal and rest breaks, and (2) his claim for straight-time wages in the event he was found to be exempt from overtime under the Motor Carrier Act. UPS suggests that the Court should apportion the recoverable and non-recoverable fees in this action, and award those fees that were incurred as a result of the claims not covered by Labor Code § 1194.

The Court disagrees. Labor Code § 218.5 expressly states that its provisions do not apply "to any action" brought to recover overtime wages, and this was fundamentally an overtime action. UPS

argues that plaintiff's straight-time claims were separable from his overtime claims. However, the straight-time claims in this case would not even come into play unless plaintiff was found non-exempt.

In other words, any claims for which plaintiff would recover at a straight-time rate, rather than an overtime rate, were inextricably linked with the issue of whether he was entitled to overtime. UPS is therefore not entitled to fees pursuant to statute.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown, UPS's motion for attorneys' fees is DENIED. (Doc. 272.)

**IT IS SO ORDERED.**

Dated:  December 14, 2010

SUSAN ILLSTON
United States District Judge

---

[1]  UPS relied on *Kirby v. Immoos Fire Protection, Inc.*, 113 Cal. Rptr. 3d 370 (2010), in its opening brief. Before plaintiff filed his opposition brief, the Supreme Court of California granted review of the case.  117 Cal. Rptr. 3d 658 (2010).  In its reply, UPS urges the Court to consider the reasoning in *Kirby*, even though the opinion is no longer precedential in California. In particular, UPS expresses concern that plaintiffs in the future will bring baseless non-overtime claims and then insulate themselves from attorney fee liability by pleading overtime claims as well. The Court is not persuaded that this is a likely outcome of the Court's ruling that the fee issue is determined by Labor Code § 1194 when the non-overtime claims are *inextricably linked* with the issue of whether a plaintiff is entitled to overtime.

3